ZOUHARY, District Judge,
concurring:
I write separately to emphasize several aspects of this case. As the Majority notes, Penske bears the burden of proof on its preemption defense. See supra at 649. But Penske did not offer specific evidence of (for example) the actual effects of the California law on Penske’s own routes or services. Instead, Penske relied on a general hypothetical likelihood that a Penske delivery driver, with limited flexibility in traveling from point A to point B, is further restricted to certain routes that would allow a driver to park his or her truck and enter “off-duty” status.
Penske failed to carry its burden. I consequently express no opinion, for example, that the possibility a “driver [must] briefly pull on and off the road during the *651 course of travel does not meaningfully interfere with a motor carrier’s ability to select its starting points, destinations, and routes.” Id. (emphases added). Maybe so. Maybe not.
Further, the Majority incorrectly posits that Defendants are at liberty to schedule as they choose, tempered only by hiring more drivers and staggering breaks. Customer demands and practicalities must also be considered. As in air and train transportation, substitution crews may now be needed when hours of service are reached with some expense, delay, and impact on service. With respect to costs-of-labor, Penske did produce specific evidence, reflecting an estimated 3.4 percent increase in annual pricing to service a relevant account. Without more, that minimal increase in pricing is an insufficient basis for preempting the decades-old meal and rest break requirement. Mendonca, 152 F.3d at 1189 (finding California’s prevailing wage requirement, which increased a motor-carrier defendant’s prices by 25 percent, “in a certain sense ... ‘related to’ [the motor carrier-defendant’s] prices, routes and services,” but had an effect that was “no more than indirect, remote, and tenuous”).
Finally, I note what this case is not about. This ease is not an occasion for us to reexamine prior precedent — the discussion of Rowe, Northwest, Inc., and Gam-mie makes that clear. Nor is this case about FAAAA preemption in the context of interstate trucking — though one gets the sense that various amici wish it were. On this record, and in the intrastate context, California’s meal and rest break requirements are not preempted.